**Ronald Jeffrey KIPHART, Plaintiffs,**

v.

**SATURN CORPORATION,
et. al., Defendants.**

No. 1–97–0054.

United States District Court,
M.D. Tennessee,
Columbia Division.

Oct. 28, 1999.

Mary Ann Parker, Parker & Crofford, Nashville, TN, for plaintiffs.

Robert Earl Boston, Waverly David Crenshaw, Jr., Stephen W. Grace, Waller, Lansden, Dortch & Davis, Nashville, TN, for Saturn Corporation, defendant.

Michael Hamilton, Lee D. Anderson, Provost, Umphrey Law Firm, LLP, Nash-

ville, TN, for Intl Union, United Auto, Aerospace and Agricultural Implement Workers of America, defendant.

### Order

HIGGINS, District Judge.

Plaintiff, Ronald Jeffrey Kiphart ("Kiphart"), is one of 59 plaintiffs in this multi-party action, all of whom bring claims under the Americans with Disabilities Act ("ADA")[1] against Saturn, the International UAW, and UAW Local 1853. For the reasons set forth from the bench during the trial of Kiphart's claims that occurred March 8–19, 1999, the Court granted the motions of the International UAW and UAW Local 1853 for judgment as matter of law, pursuant to Fed.R.Civ.P. 50. Thereafter, the Court submitted the case to the jury that rendered a verdict for Kiphart, on March 18, 1999. For reasons set forth in the Court's Memorandum Opinion entered September 30, 1999, which is specifically incorporated herein by reference, the Court subsequently granted the Rule 50 motion of defendant, Saturn Corporation ("Saturn"), for judgment as a matter of law [Docket Entry No. 470] and setting aside the jury verdict. [Docket Entry No. 471]. Pursuant to Fed.R.Civ.P. 54(b), the Court now directs the entry of judgment as a matter of law on behalf of defendants on Kiphart's claims.

The Court's rulings on defendants' respective Rule 50 motions resolve Kiphart's claims. There being no just cause for further delay, and pursuant to Fed.R.Civ.P. 54(b), the Court expressly directs the entry of final judgment as a matter of law for all defendants as to all of Kiphart's claims. All other matters and timetables relating to any application for costs and attorneys' fees are reserved and tolled, respectively, pending further motions of the parties and subsequent orders of the Court. Pursuant to Fed.R.Civ.P. 58 and 62(h), entry of this judgment shall not be delayed, nor the time for appeal extended, in order to tax costs or attorneys' fees, so as to secure, for the parties in whose favor judgment is entered, all benefits thereto.

It is so ORDERED.

---

1. Kiphart voluntarily dismissed non-ADA claims in March 1988 [Docket Entry No. 184]. He voluntarily dismissed his claims of harassment and retaliation under the ADA at the start of trial on March 8, 1999.